UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Re:
Medicare Appeals Council
HIC Number: 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D

**05 11533 RWZ**

**PLAINTIFF'S NAME**

Sue M. Bohlin

RECEIPT # _____
AMOUNT $ 250.00
SUMMONS ISSUED 4
LOCAL RULE 4.1 ✓
WAIVER FORM ✓

**DEFENDANTS' NAMES**

I. Secretary of Health and Human Services

MCF ISSUED _____
BY DPTY. CLK. M.P.
DATE 7/20/2005

II. Harvard Pilgrim Health Care (HPHC, a Health Maintenance Organization)

## COMPLAINT

MAGISTRATE JUDGE  JLA

### Parties

1. The plaintiff is a resident of Medford, Middlesex County, Massachusetts and a resident of the United States.

2. The defendant, the Secretary of Health and Human Services, Washington, D.C., is a citizen of the United States

3. The defendant, Harvard Pilgrim Health Care (HPHC), Quincy, Massachusetts, is a Health Maintenance Organization.

### Jurisdiction

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. Paragraph 1331.

## Facts

5. This is a suit for breach of contract, detrimental reliance, and tortious interference.

6. On December 21, 2002, the Plaintiff, Sue M. Bohlin, suddenly became completely unable to walk or care for herself. She was then 85 years old. Prior to this time, she had been living alone, had been able to walk without assistance and been able to care for herself.

7. After a short hospital stay the Plaintiff was released to the Aberjona Nursing Home for rehabilitative care/physical therapy. No reason could be found for her sudden inability to walk.

8. The Plaintiff was prescribed physical therapy 5 times per week which qualifies as "daily" physical therapy. Because the frequency of the physical therapy sessions was considered "daily", her room and board at the nursing home was a covered benefit, for up to 100 days, as described by her medical insurance provider, Harvard Pilgrim Health Care, in their "Benefits Handbook".

9. At the time the Plaintiff was in a devastated physical and mental condition due to this ordeal. On many days during the first weeks in the nursing home, she claimed she was too tired and did not partake in the physical therapy sessions. Hence, her initial progress was inconsistent and overall it was slow. However, progress was being made.

10. On January 7, 2003, Harvard Pilgrim decided that if no progress was made over the next week (up to January 14), Harvard Pilgrim WOULD DISCUSS termination of the Plaintiff's benefits with her doctor. This consideration to terminate benefits took place after the Plaintiff was in the nursing home for only 14 days.

11. On January 17, 2003, HPHC, did decide to terminate the Plaintiff's benefits BUT WITHOUT FIRST DISCUSSING the situation with her doctor. HPHC made this decision after she had been in the nursing home for only 24 days.

12. Harvard Pilgrim thus made this decision WITHOUT DIRECTION OR CONSULTATION with the patient's doctor. The HPHC case worker (Peg Bleier), who made this decision, states that she did receive a call and spoke with a person at the nursing home late in afternoon of Friday, January 17, 2003.

**Facts (cont'd)**

13. The person who made the call to HPHC (described in the paragraph above) WAS NOT the Plaintiff's doctor nor an individual assigned to speak for the doctor.

14. Harvard Pilgrim has declined to provide this writer, who is also the Plaintiff's Health Care Agent and Power-of-Attorney, with the identity of the individual who supposedly contacted HPHC as described above. The nursing home has verbally denied to the writer any knowledge about such a call.

15. Decisions regarding care/coverage which were required to be based on accurate evaluations of patient condition were instead made by certain individuals within HPHC without consulting the Plaintiff's doctor.

16. January 17, 2003 was a Friday before a long holiday weekend. It was not until the following Tuesday morning, January 21, that the HPHC case worker telephoned the Plaintiff's doctor about HER DECISION to terminate the Plaintiff's benefits and "discharge" the patient from further therapy treatment.

17. It appears the Plaintiff's doctor was reluctant to agree with the decision told to him by the HPHC case worker. Later, that same morning, HPHC had a much more senior person, the ASSOCIATE MEDICAL DIRECTOR, make a call to the Plaintiff's doctor apparently to coerce the doctor into agreement regarding termination of the Plaintiff's benefits.

18. On the same day, January 21, 2003, as the telephone calls described in the above paragraph, HPHC drafted a letter to formally notify the Plaintiff that her benefits were terminated. In the letter HPHC used terms such as the Plaintiff had "met rehab goals" and "reached a state of stability". None of these phrases were true. In fact, the HPHC case worker had been concerned that the Plaintiff was making little or no progress. Therefore, the phrase "met rehab goals" was totally inconsistent with the HPHC case worker's conclusions. HPHC also claimed the Plaintiff had reached her previous level of functioning (previous to December 21, 2002). That was not true.

## Facts (cont'd)

19. Further indication that the Plaintiff's doctor was truly not in agreement with the HPHC conclusion that the patient had reached a "state of stability" is apparent when following the doctor's concerns for the Plaintiff's condition and subsequent requests to prescribe more physical therapy within weeks following the HPHC decision to terminate benefits.

20. About one month later, the Plaintiff was seen by another doctor, a neurologist, and underwent a CAT scan. The neurologist "STRONGLY" recommended physical therapy.

21. The Plaintiff's doctor then issued a "PHYSICIAN'S ORDER" to prescribe physical therapy at a frequency that would be considered "daily". HPHC denied approval of the doctor's request for "daily" physical therapy. HPHC only allowed prescribing physical therapy at a reduced frequency of 3 times per week. Apparently HPHC would not allow "daily" physical therapy because that would make HPHC responsible for the Plaintiff's room and board at the nursing home.

22. Regarding the denial of "daily" physical therapy: Harvard Pilgrim has declined to provide this writer with a critical document, "HPHC AUTHORIZATION REQUEST" that was sent by fax, from the Plaintiff's nursing home to HPHC. An important page from this document was found to be missing from the Plaintiff's medical file at the nursing home.

23. During this time period, February/March 2003, the situation regarding physical therapy for the Plaintiff was somewhat confused because of machinations described above. As a result there were time lapses measured in weeks where the Plaintiff did not undergo any physical therapy.

24. HPHC have consistently defended the position that they were no longer required to cover the Plaintiff's room and board at the Aberjona Nursing Home beyond the initial 31 days because the Plaintiff was no longer receiving "skilled care" i.e. no longer receiving "daily" physical therapy. However, that statement is convoluted and self-serving because it was HPHC who, themselves, denied the prescribing of "daily" physical therapy. HPHC terminated the prescribing of "daily" physical therapy for the Plaintiff in January 2003. Then in early March 2003, a neurologist "STRONGLY" recommended physical therapy for the Plaintiff and HPHC again denied the Plaintiff's doctor's request for "daily" physical therapy.

## Relief Sought

The Plaintiff demands judgement against the defendants for expenses at the Aberjona Nursing Home that HPHC state they would cover but did not; plus other relief as this court deems just.

The Plaintiff remained at the Aberjona Nursing home for 120 days.
Nursing home expenses that HPHC state they cover are up to 100 days. HPHC covered only 31 days. Therefore, expenses borne by the Plaintiff at the Aberjona Nursing Home that should have been covered by HPHC but were not covered amount to $317 per day for 69 days for a total of $21,873.

---

Due to HPHC's machinations regarding the prescribing of physical therapy, time lapses measured in weeks (in one case a month), took place at critical times where lack of physical movement was detrimental to the Plaintiff's ultimate recovery. The Plaintiff has spent extensive time, at her own and her family's expense, confined to other nursing home/rehabilitation facilities after leaving the Aberjona Nursing Home.

While it may not be possible to predict how differently the Plaintiff's condition would be today had she received steady efforts of providing her physical therapy throughout the first few months of 2003, consideration should be given for the fact her treatment was less effective than it otherwise would have been.

---

Consideration should be given for the expense and extensive efforts of handling this suit through the various levels of appeal and up through and including this civil suit.

**The Plaintiff demands a trial by jury.**

Signature: *Robert A. Bohlin*

Name: Robert A. Bohlin
Health Care Agent and Power-of-Attorney
For
Sue M. Bohlin

Address: 9 Chardon Road
Medford, MA 02155

Telephone: 781-395-1129



**DEPARTMENT OF HEALTH & HUMAN SERVICES**    Office of the Secretary

Departmental Appeals Board, MS 6127
Medicare Appeals Council
330 Independence Avenue
Cohen Building, Room G-644
Washington, DC 20201
(202) 565-0100

MAY 1 6 2005

HIC Number: 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D

ACTION OF MEDICARE APPEALS COUNCIL ON REQUEST FOR REVIEW

Robert A. Bohlin o/b/o
Sue Bohlin
9 Chardon Rd.
Medford, MA 02155

**05 11533 RWZ**

Dear Mr. Bohlin:

Re: Nursing home care at the Aberjona Nursing Center from
    January 24, 2003 to April 8, 2003

The Medicare Appeals Council has carefully considered the request for review of the Administrative Law Judge's (ALJ's) decision dated August 23, 2004. The regulations provide that the Medicare Appeals Council will grant a request for review where: (1) there appears to be an abuse of discretion by the ALJ; (2) there is an error of law; (3) the ALJ's action, findings, or conclusions are not supported by substantial evidence; or (4) there is a broad policy or procedural issue that may affect the general public interest. The regulations also provide that if new and material evidence is submitted with the request for review, the entire record will be evaluated and review will be granted where the Council finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. See 20 C.F.R. § 404.970, *incorporated by reference in* 42 C.F.R. § 422.608.

The Medicare Appeals Council has considered the contentions received in connection with the request for review. The Council has concluded that there is no basis under the above regulations for granting the request for review. Accordingly, the request for review is denied. The ALJ's decision stands as the final decision of the Secretary.

2

If you desire court review of the ALJ's decision and the amount in controversy is $1050 or more, you may commence a civil action by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business. *See* § 1852(g)(5) of the Social Security Act, 42 U.S.C. § 1395w-22(g)(5). The complaint must be filed within sixty days after the date this letter is received. It will be presumed that this letter is received within five days after the date shown above unless a reasonable showing to the contrary is made.

If you cannot file your complaint within sixty days, you may ask the Medicare Appeals Council to extend the deadline for filing a civil action. The Council will only extend the time if you can provide a good reason for not meeting the deadline. Your reason must be set forth clearly in your request.

If a civil action is commenced, the complaint should name the Secretary of Health and Human Services as the defendant and should include the HIC number shown at the top of this notice. The Secretary must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201. In addition, you must serve the United States Attorney for the district in which you file your complaint and the Attorney General of the United States. *See* **rules 4(c) and (i) of the Federal Rules of Civil Procedure and 45 C.F.R. § 4.1.**

Sincerely yours,

Jennifer Martella
Appeals Officer

cc:  Harvard Pilgrim Health Care
     Center for Health Dispute Resolution

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **SUE M. BOHLIN V. SECRETARY OF HEALTH AND HUMAN SERVICES**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   [5]  III. 110, 120, 130, 140,(151), 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   **05 11533 RWZ**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **PRO SE   ROBERT A. BOHLIN**
ADDRESS **9 CHARDON ROAD**
TELEPHONE NO. **781-395-1129**

(CategoryForm.wpd -5/2/05)

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  MIDDLESEX, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  WASHINGTON, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  PRO SE

Attorneys (If Known)  05 11533 RWZ

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☒ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 21,873.00 + OTHER
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE  SAX
DOCKET NUMBER  HIC 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D

DATE  JULY 19, 2005
SIGNATURE OF ATTORNEY OF RECORD  PRO SE  Robert A. Bohlin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____