UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUE M. BOHLIN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary of<br>the U.S. Department of Health<br>and Human Services; and HARVARD<br>PILGRIM HEALTH CARE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action<br>No. 05-11533-RWZ |

FILED
IN CLERK'S OFFICE

2005 DEC -8  P 3:00

U.S. DISTRICT COURT
DISTRICT OF MASS.

PLAINTIFF'S MOTION
AFFIRMING THE RIGHT TO FILE A CIVIL ACTION
FOR JUDICIAL REVIEW
OF ALJ'S DECISION

The Plaintiff respectfully requests that this court review the ALJ's decision regarding case HIC Number: 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D

...Based on the provisions of the Social Security Act as described in sections 205(g) and 1631(c)(3)

And based on:

1) ALJ's action, findings, conclusions not supported by substantial evidence

2) New & Material evidence supporting Plaintiff's position that was not heard yet.

> If you desire court review of the ALJ's decision and the amount in controversy is $1050 or more, you may commence a civil action by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business. See § 1852(g)(5) of the Social Security Act, 42 U.S.C. § 1395w-22(g)(5). The complaint must be filed within sixty days after the date this letter is received. It will be presumed that this letter is received within five days after the date shown above unless a reasonable showing to the contrary is made.

Copied above is the pertinent paragraph from the letter sent Plaintiff from the Medicare Appeals Board which outlines the right to file the civil action.

HALLEX I-4-1-1
Previous Contents Next

## I-4-1-1. Introduction to Judicial Review of Social Security Cases

Last Update: 9/13/05 (Transmittal I-4-15)

The right to file a civil action for judicial review "after any final decision of the Commissioner made after a hearing" is based on the provisions of sections 205(g) and 1631(c)(3) of the Social Security Act (Act). Under these provisions, the Commissioner must file, as part of the answer to a complaint filed by a claimant, a certified copy of the administrative record on which the Commissioner based the final decision. After the Commissioner files the certified administrative record with the court and both sides submit briefs, the court may dismiss the case or may affirm, modify, or reverse the Commissioner's decision or remand for further proceedings. Section 205(g) of the Act provides for the court to apply a substantial evidence test when reviewing the Commissioner's final decision. After the final judgment of the district court, either side may appeal the case to the Court of Appeals and ultimately, to the U.S. Supreme Court.

Plaintiff also respectfully requests consideration of current situation whereby Plaintiff is still seeking counsel. Efforts have been made in this area but without conclusion at this time.

Respectfully Submitted,

*Sue M. Bohlin*

Sue M. Bohlin
Plaintiff
Fairlawn Nursing Home
265 Lowell Street
Lexington, MA  02420
tel. 781-862-7640
-----------------------------------
Please direct communications to:
9 Chardon Road
Medford, MA  02155
tel. 781-395-1129