UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11533-RWZ

SUE M. BOHLIN

v.

MICHAEL O. LEAVITT and
HARVARD PILGRIM HEALTH CARE

MEMORANDUM OF DECISION

August 16, 2006

ZOBEL, D.J.

Plaintiff Sue M. Bohlin filed suit in July 2005, seeking judicial review of a final decision of defendant Michael O. Leavitt, the Secretary of the Department of Health and Human Services.[1] Plaintiff was admitted to the Lahey Clinic in December 2002 after a series of falls and was transferred to Aberjona Nursing Center on December 24, 2002, for a period of short-term rehabilitation. At Aberjona, a Medicare-certified skilled nursing facility, plaintiff was to receive a program of skilled rehabilitation services six times per week, for two weeks. These services were covered under Part A of Medicare, 42 U.S.C. § 1395c et seq., which provides up to 100 days of extended care services provided by a skilled nursing facility during a spell of illness. See 42 U.S.C. §§ 1395d(a)(2)(A), 1395x(h). To qualify for such benefits, however, the beneficiary

---

[1] Although she asserts federal-question jurisdiction in her complaint (Compl. ¶ 4), plaintiff cannot bring suit under 28 U.S.C. § 1331, under the express prohibition in 42 U.S.C. § 405(h). Plaintiff asserts claims for breach of contract, detrimental reliance, and tortious interference. (Compl. ¶ 5). But those claims—and any consequential damages plaintiff might seek—are barred by § 405(h). See, e.g., Livingston Care Center, Inc. v. United States, 934 F.2d 719, 722-23 (6th Cir. 1991). Accordingly, the action is construed as one pursuant to 42 U.S.C. § 405(g).

must "require skilled nursing or skilled rehabilitation services, or both, on a daily basis." 42 C.F.R. § 409.31(b). Thus, when plaintiff's care-providers at Aberjona determined that plaintiff was not progressing and was no longer benefiting from skilled nursing services, defendant Harvard Pilgrim Health Care ("HPHC"), a Medicare-approved health maintenance organization ("HMO"),[2] denied coverage for any further skilled nursing facility services. Under the relevant Medicare regulations, plaintiff sought reconsideration of HPHC's decision from the Center for Health Dispute Resolution ("CHDR"), which upheld the denial. Plaintiff then pursued administrative relief, but the denial was again affirmed by the Administrative Law Judge ("ALJ") on August 23, 2004, after a hearing, and that decision was affirmed by the Medicare Appeals Council on May 16, 2005. For purposes of 42 U.S.C. § 405(g), the Appeals Council's decision constitutes "the Secretary's final decision." Accordingly, plaintiff now seeks judicial review.[3] The Secretary has moved to affirm the administrative decision.[4]

"The Secretary's decision regarding the entitlement to benefits must be upheld if supported by substantial evidence." Hurley v. Bowen, 857 F.2d 907, 912 (2d Cir.

---

[2]A Medicare beneficiary may elect to receive her benefit from an HMO, which must provide the same range of services that is available under fee-for-service Medicare. 42 U.S.C. § 1395mm(c)(2)(A).

[3]Plaintiff's unopposed Motion Affirming the Right to File a Civil Action for Judicial Review of ALJ's Decision (Docket No. 13) is allowed. Plaintiff is entitled to seek judicial review of the Secretary's decision under 42 U.S.C. § 205(g).

[4]The motion is unopposed. A memorandum in response to the Secretary's motion was filed by Robert A. Bohlin, who is neither plaintiff nor plaintiff's attorney and who was cautioned at a scheduling conference held on September 16, 2005, that he could not represent plaintiff. The Secretary's motion to strike the memorandum was allowed on February 15, 2006. (See Docket Nos. 14, 16).

1988). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). In this case, substantial evidence supports the Secretary's determination that, after January 24, 2003, plaintiff did not require daily skilled care and that skilled nursing services she received after that date were therefore not covered by Medicare.

The record reviewed by the ALJ included evidence that as early as January 9, 2003, plaintiff's care-providers at Aberjona had raised questions about whether plaintiff would ever be able to live independently again and whether the skilled rehabilitation services she was receiving could actually help her meet that goal. (R. 308). The ALJ also heard testimony from Dr. Gerald Winkler, the ALJ's medical consultant, that the decision to discontinue plaintiff's skilled care after January 24, 2003, was based on "the determination by the physical therapist and occupational therapist that the patient was not making further progress." (R. 518). In addition, Dr. Harold Forbes, HPHC's Associate Medical Director, testified that on January 21, 2003, plaintiff's attending physician indicated that plaintiff was no longer making progress, "she had reached a plateau," that "additional therapy would not likely provide her with any substantive gains in a reasonable amount of time," and that because "she was not receiving any medical care that would require in-patient services," she no longer met the criteria for skilled nursing care. (R. 510). Although the ALJ also heard testimony that plaintiff had shown improvement, "the resolution of conflicts in the evidence and the determination of the ultimate question . . . is for him, not for the doctors or for the courts." Rodriguez,

3

647 F.2d at 222 (applying substantial evidence standard in disability benefits case). On this record, the ALJ's conclusion that plaintiff did not require daily skilled therapy after January 24, 2003, was supported by substantial evidence.

Accordingly, plaintiff's Motion Affirming the Right to File a Civil Action (Docket No. 13) is allowed.  The Secretary's Motion for Order Affirming the Administrative Decision (Docket No. 11) is allowed.  Although defendant HPHC did not join the motion to dismiss, the claims against it are barred by the statute, 42 U.S.C. § 405(h).  That section precludes all claims for consequential damages arising under the Medicare program.  Judgment may be entered for both defendants.


_August 16, 2006_____          /s/Rya W. Zobel_____
         DATE                     RYA W. ZOBEL
                                  UNITED STATES DISTRICT JUDGE